# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFREY RAYMOND HELVEY and
JENNIFER LYNNE HELVEY,

    Plaintiffs,

v.

MICHAEL J. HELVEY,

    Defendant.

_____/

Case No. 19-CV-11956-DT

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION FOR EMERGENCY STAY
## and
## ORDER DIRECTING THE CLERK TO ENTER
## PLAINTIFFS' CONTACT INFORMATION ON THE DOCKET

**I.    BACKGROUND**

On July 1, 2019, Defendant Michael J. Helvey, proceeding *pro se*, filed a Notice of Removal of a *civil* action originally filed before the Court of Common Pleas, Civil Division, Delaware County, Ohio, Case No. 19-CVH-060331. Plaintiffs Jeffrey Raymond Helvey and Jennifer Lynne Helvey allege four counts in the Complaint against Defendant Michael J. Helvey: Defamation (Count One); Defamation Per Se (Count Two); Slander Per Se (Count Three); and, Intentional Infliction of Emotional Distress (Count Four). Plaintiffs seek damages in excess of $25,000. (ECF No. 1, Complaint)

This matter is before the Court on Defendant Michael J. Helvey's Motion for Emergency Stay filed July 8, 2019. (ECF No. 2) Defendant Michael J. Helvey seeks a 120 days stay of a criminal matter filed in the Delaware Municipal Court of Delaware, Ohio, Case No. 19-CR-B-01455. (ECF No. 2, PageID.92) For the reasons set forth below, the Court denies Defendant Michael J. Helvey's Motion for Emergency Stay.

## II. REMOVAL PROCEDURE

As an initial matter, the Court must first determine whether the Court has jurisdiction over the matter and that the removal by Defendant Michael J. Helvey was proper. It is noted that Defendant Michael J. Helvey does not cite any statute or authority which allows a defendant to remove a state court action to a federal court located in a different state (Michigan) from where the original action was filed (Ohio).

The procedure for removal is set forth in 28 U.S.C. § 1446 which states in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court ***shall file in the district of the United States for the district and division within which such action is pending*** a notice of removal ...

28 U.S.C. § 1446(a). The statute provides that Delaware County is within the ***Southern District of Ohio, Eastern Division,*** located at Columbus, St. Clairsville and Steubenville. 28 U.S.C. § 115(b)(2). Defendant Michael J. Helvey removed the

action to the wrong District. However, defects in removal procedure, such as removal to the wrong federal district court, may be waived if a plaintiff fails to file a motion to remand within thirty days of removal. "Technical defects in the removal procedure may not be raised *sua sponte* but may be raised by a party within thirty days of removal or they are waived." *Theriot v. HSBC Bank*, Case No. 10-11617, 2010 WL 5390177, at *4 (E.D. Mich. Dec. 22, 2010) (citing 28 U.S.C. § 1447(c) and *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). The Court will address this issue if any plaintiff timely files a motion for remand.

As to whether the Court has subject matter jurisdiction over this matter, the Court addresses this issue in a separate Order to Show Cause since the Court has authority to review whether the Court has subject matter jurisdiction over a matter at any time and on its own, *sua sponte*. Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss or remand the action, either by a party's motion or the court's own motion. Fed. R. Civ. P. 12(h)(3).

**III.     MOTION FOR EMERGENCY STAY OF CRIMINAL MATTER**

As to Defendant Michael J. Helvey's Motion for Emergency Stay of the criminal matter before the Delaware Municipal Court, this Court has no authority to stay the criminal matter in this removed civil action. "As a general rule, removability

is determined by the pleadings <u>filed by the plaintiff</u>," and "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added). The federal district court is a court of limited jurisdiction. The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed. R. Civ. P. 8(a)(1). If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. *Thomson v. Gaskill,* 315 U.S. 442 (1942). A defendant cannot create removal jurisdiction merely by raising a federal question as a defense. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.3d 332, 334, 344 (6th Cir. 1989) (Removal can only be based

on a theory advanced by the plaintiff.)  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss or remand the action, either by a party's motion or the court's own motion.  Fed. R. Civ. P. 12(h)(3); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

The Notice of Removal filed by Defendant Michael J. Helvey removed a civil action filed by Plaintiffs Jeffrey Raymond Helvey and Jennifer Lynne Helvey, as so noted above.  The Notice of Removal did not remove the criminal action Defendant Michael J. Helvey now seeks this Court to enjoin from moving forward.  Even if Defendant Michael J. Helvey did identify the criminal action in his initial Notice of Removal, the Court lacks subject matter jurisdiction over the criminal action identified in Defendant's Motion for Emergency Stay in *this removed civil action*.

In the criminal action, the Summons on Complaint charges Defendant Michael J. Helvey with five (5) violations of the Ohio Revised Code or City/Village Code:  (1) Telecommunications Harassment, 2917.21(A)(1); (2) Telecommunications Harassment, 2917.21(B); (3) Telecommunications Harassment, 2917.21(B); (4) Telecommunications Harassment, 2917.21(B); and, (5) Telecommunications Harassment, 2917.21(B). (Doc. No. 2, PageID.90)  The criminal complaints attached by Defendant Michael J. Helvey does not allege any federal claims.  Only state law

criminal allegations, specifically violations under the Ohio Revised Code, are stated in the five (5) criminal complaints attached to Defendant Michael J. Helvey's Motion to Stay. The arguments raised by Defendant Michael J. Helvey in his Motion to Stay the criminal action cannot be considered by the Court to determine subject matter jurisdiction. The arguments of constitutional violations may be raised as defenses to the criminal action against Defendant Michael J. Helvey. However, a defendant cannot create removal jurisdiction by raising a federal question as a defense. *Her Majesty the Queen,* 874 F.3d at 334, 344.

Even if the Court were to liberally construe the Notice of Removal or the Motion to Stay, the Court finds no federal subject matter jurisdiction over the criminal matter. Removal of federal subject matter jurisdiction is governed by 28 U.S.C. § 1441 which allows removal of "civil" actions brought before a state court. Here, Defendant J. Helvey asks this Court to exercise jurisdiction over a "criminal" complaint against him. On its face, the criminal complaint fails to allege any violation of federal law since the criminal complaint issued by local state prosecutors or law enforcement officials involves criminal state laws or city ordinances, not federal law. The Court lacks subject matter jurisdiction over the criminal complaints filed by the State of Ohio against Defendant Michael J. Helvey.

**IV.  COURT'S DOCKET/CONTACT INFORMATION**

This matter was initiated by a Notice of Removal by the *pro se* Defendant who does not have the authority to enter the Plaintiffs' contact information on the court's docket since *pro se* Defendant is not an authorized CM/ECF electronic filing user. CM/ECF Pol. & Proc. R6(d). The cover sheet filed by the *pro se* Defendant does not identify all of the named-Plaintiffs (even though the Clerk listed all of the named-Plaintiffs on the docket) in the removed complaint, nor the contact information for the Plaintiffs. ECF No. 1, PageID.86-87.

ED Mich. LR 3.1(a) provides that a person filing a complaint or other document initiating a civil action must complete and file a civil cover sheet. However, the clerk must accept for filing an initiating document and enlist the cooperation of counsel or a *pro se* party in completing the cover sheet. ED Mich LR 3.1(b). Even though the civil cover sheet is not complete since the contact information for the named Plaintiffs is not listed, the Clerk was able to enter the name of all the named Plaintiffs, yet the Clerk did not enter the contact information for the named Plaintiffs (who did not initiate this civil action in this Court). The removed Complaint clearly identifies the named Plaintiffs and the contact information for the named Plaintiffs. Because the initiating *pro se* Defendant does not have the authority to enter any information on the court's docket, the Court orders the Clerk to enter the contact information for the named-Plaintiffs as listed in the removed Complaint. This information is important

so that proper service and any notifications can be sent to the named Plaintiffs who did not initiate this action in this Court.

## V. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant Michael J. Helvey's Motion for Emergency Stay (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that the Clerk enter the contact information for the named-Plaintiffs set forth in the removed Complaint.

s/Denise Page Hood
Denise Page Hood
Chief United States District Judge

DATED: July 12, 2019